UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Matthew Jones,                              )
                                            )
          Plaintiff,                        )      Case: 1:17-cv-00326
                                            )      Assigned To : Unassigned
     v.                                     )      Assign. Date : 2/23/2017
                                            )      Description: Pro Se Gen. Civil   (F-DECK)
                                            )
Governor Jack Markell,                      )
                                            )
          Defendant.                        )

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a resident of Greenwood, Delaware. He sues Delaware's former Governor Jack Markell but for what acts is unclear from the rambling allegations comprising the prolix complaint. Plaintiff seeks $1 trillion.

Plaintiff has alleged no facts establishing how Markell may be held liable in his personal capacity, and an official-capacity lawsuit is "in all respects other than name, to be treated as a suit against the entity [State of Delaware]." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Eleventh Amendment to the U.S. Constitution immunizes the State from suit in federal court, unless immunity is waived.[1] And although plaintiff has not specified a federal cause of

---

[1]     The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long established

1

action in the complaint, the U.S. Supreme Court has made clear that 42 U.S.C. § 1983—the most

likely authority—does not waive a state's immunity from suit. *See Graham*, 473 U.S. at 169-70

(concluding that "an official-capacity action for damages could not have been maintained against

[Kentucky] Commissioner Brandenburgh in federal court"). Hence this case will be dismissed.

A separate Order accompanies this Memorandum Opinion.

Date: February __, 2017                        _____
                                               United States District Judge

---

that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).